**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-31115
(Summary Calendar)

_____

JOHN DOE, individually and on
behalf of his minor child, Baby Doe;
Jane Doe, individually and on behalf
of her minor child, Baby Doe,

Plaintiffs-Appellants,

versus

EAST BATON ROUGE PARISH SCHOOL BOARD; ET AL.,

Defendants,

versus

EAST BATON ROUGE PARISH SCHOOL BOARD;
JACK STOKELD; RONNIE DEVALL; LOUIS PETERSON;
JACKIE REINE; MARIE H PEA; SHARON CRARY;
DONNIE FAYE HULL; MAY ELLEN JORDAN; RITA
DEVALL; PATRICIA SPARKS; BRUNETTA SHAMLIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-2000-B-1

_____

July 15, 1997

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges:

PER CURIAM:[*]

The Does filed suit claiming monetary damages under 42 U.S.C. § 1983 for their son's, a special education student, expulsion from school. The Does appeal the district court's dismissal of their complaint without prejudice for lack of jurisdiction due to a failure to exhaust administrative remedies. Under 20 U.S.C. § 1415(f) of the Individuals with Disabilities Education Act, the Does may file suit for relief afforded by laws other than the IDEA. However, if suit could be brought under the IDEA, then the administrative remedies provided by the IDEA must be exhausted prior to any action being filed in court. 20 U.S.C. § 1415(f). The exhaustion requirement may be forgiven if the plaintiff shows that administrative remedies would be futile or inadequate. Gardner v. School Board Caddo Parish, 958 F.2d 108, 111-12 (5th Cir. 1992). A review of the record indicates that the district court was correct in dismissing the Does' suit without prejudice. A remedy is available under the IDEA, and an exhaustion of administrative remedies in this case would not be futile. The administrative agency should have an opportunity to use its expertise in the field of special education to develop the facts and issues of this case.

The district court was correct in dismissing this action without prejudice for lack of subject matter jurisdiction due to the plaintiffs' failure to exhaust administrative remedies.

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R.47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. 47.5.